Austin Raines v. The State.

No. 12803. Delivered December 4, 1929.

The opinion states the case.

*W. A. McIntosh* of Memphis, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, burglary; penalty, two years in the penitentiary.

A barber shop located in the town of Memphis was burglarized and several articles taken therefrom, including two razors. A nightwatchman finding the door unlocked at about 9:30 P. M. saw this appellant in said shop at the time who explained to him that he was just closing up. Believing that he had some connection with the shop, the nightwatchman did not arrest him, but positively identified him as having been in the shop at the time and when there was no light on. Appellant was arrested in Amarillo a day or two later. On the way to the police station he was seen to drop two razors in the snow. They were picked up and one of them was positively identified by marks on it as having come from the burglarized premises. Appellant testified that he purchased the two razors from a man by the name of Miller on the night of the burglary in front of a hinge pin alley.

Complaint is made that the Court failed to instruct the jury "that the receiving of said property mentioned in the indictment after it had been stolen would not authorize his conviction." There is no specific property mentioned in the indictment. The charge is the unlawful entry in the nighttime of the building belonging to E. O. Patrick with the intent to take therefrom certain corporeal personal property. In other words the charge is an entry with intent to commit the crime of theft. The State did not rely alone or even in most part upon recent possession of stolen property to secure a conviction. The possession of this property was only one of the incriminating facts relied on by the State and the jury may have believed his evidence of the purchase of the property and still believed that he unlawfully entered the building in question with intent to commit the crime of theft. The errors alleged in paragraphs two and three of appellant's exceptions, one of which is discussed above, would seem to apply in a theft case where the

State was relying in whole or in most part upon recent possession of stolen property to convict one charged only with its theft and who made an explanation of his possession as that he had purchased it, etc. See authorities collated in Branch's P. C., sec. 2459. These in our opinion have no application to the facts of the instant case.

Appellant after his sentence and notice of appeal to this Court but during the same term filed a motion for a new trial, together with motion to set aside his sentence and notice of appeal on the ground of newly discovered evidence. To this motion he attaches the affidavit of one W. O. Brown and C. H. Williams. W. O. Brown kept the score for appellant and Sims on the night of the burglary in the game of hinge pin played between them and walked out, he says in his affidavit, just behind appellant and heard the conversation between appellant and a stranger about selling appellant a couple of razors. The effect of his testimony is to corroborate appellant as to Miller selling him the razors afterwards found in his possession. Appellant must have known of the presence of this witness there or thereabout prior to the trial and we do not think his showing of diligence is sufficient. He offers no sufficient reason for failing to interview this witness and have him present at the trial. The facts shown in the affidavit of witness Williams are too indefinite in our opinion to have probably affected the result of the trial had he been present and testified. It shows that he would have only testified that a young fellow approached him (the witness) and tried to sell him two razors in front of the hinge pin alley where appellant had been playing. The Court is given discretion in matters of this kind. Bronson v. State, 2 Tex. Crim. App. 46; Burns v. State, 12 Tex. Crim. App. 269; White v. State, 10 Tex. Crim. App. 167. We do not think under the facts of this case the trial court abused the discretion vested in him by law in refusing appellant's motion for a new trial.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.